

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2004

# Patel v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4619

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Patel v. Atty Gen USA" (2004). *2004 Decisions.* Paper 616.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/616

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-4619

SUSHILABEN BHARATKUMAR PATEL,

Petitioner

v.

JOHN ASHCROFT,
Attorney General of the United States,

Respondent

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A70-584-748)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2004
Before: SCIRICA, *Chief Judge*, RENDELL and ALARCÓN\*, *Circuit Judges*

(Filed: June 4, 2004 )

OPINION OF THE COURT

*The Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Judicial
Circuit, sitting by designation.

SCIRICA, *Chief Judge*.

In this immigration case, petitioner seeks review of a Board of Immigration Appeals decision upholding the Immigration Judge's denial of her applications for asylum and withholding of removal. For the following reasons, we will deny the petition to review.

## I.

Petitioner Sushilaben Patel, a citizen of India, entered the United States on August 11, 1992 on a six-month nonimmigrant visa. Patel overstayed her visa, and on March 24, 1999, the Immigration and Naturalization Service issued a notice to appear, charging her as removable under 8 U.S.C. § 1227(a)(1)(B). While Patel conceded removability, she applied for asylum, withholding of removal, and protection under the Convention Against Torture.

In her hearing before the Immigration Judge, Patel testified that she encountered persecution from Muslim extremists due to her Hindu religion and her activities as a member and organizer in the Baj Rang Dal party.[1] Muslims allegedly threw stones at her house, sprayed kerosene on her house (but were chased away by Hindu members of the

---

[1]The Baj Rang Dal party, alternately named the Janata Dal or Ekta Dal party, is a fundamentalist Hindu political party. As part of her activities, Patel allegedly helped to organize a movement to destroy the Babri Masjid, a Muslim mosque built on the site of what is believed to be the birthplace of the Hindu Lord Rama, and build a new temple to Rama. Patel states she did not participate in the actual destruction of the mosque, but she claims that Muslim groups believe she did.

community before setting fire to the house), and threatened and beat her and her husband when they passed close to a mosque. Because of this harassment, Patel switched to the Janata Dal political party, a moderate, non-fundamentalist party she believed to be less threatening to the Muslim community. After changing parties, however, Patel claims the Baj Rang Dal party harassed her for joining the Janata Dal party, so she switched affiliations to the Bharatiya Janata Party (BJP). She contends this reduced, but did not eliminate, the harassment from Muslim extremists and the Baj Rang Dal party. Finally, Patel alleges Indians from other castes persecuted her family for belonging to the Patel social caste, stealing her family's animals and destroying their crops.

On November 16, 1999, the IJ issued an oral decision denying Patel's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Patel appealed with respect to the asylum and withholding of removal claims. She also alleged the IJ's conduct during the hearing prejudiced her claims. The Board upheld the decision of the IJ, finding that her past experiences did not amount to persecution as defined in 8 C.F.R. § 208.13(a), and that she did not have a well-founded fear of future persecution as described in 8 C.F.R. § 208.13(b). In addition, the Board rejected Patel's claim that she was prejudiced by the conduct of the IJ. Patel filed this timely petition for review.

3

## II.

We review the BIA's findings of facts under the deferential substantial evidence standard as found in *INS v. Elias-Zacarias,* 502 U.S. 478, 481 (1992). *Abdille v. Ashcroft,* 242 F.3d 477, 483-84 (3d Cir. 2001). We must uphold these findings unless the evidence compels a contrary conclusion. *Amanfi v. Ashcroft,* 328 F.3d 719, 724-25 (3d Cir. 2003). This Court has jurisdiction under 8 U.S.C. § 1252.

## III.

### A. Asylum Claim

An asylum applicant has the burden of proof to establish he is a refugee by showing that he has suffered past persecution or has a well-founded fear of future persecution. 8 C.F.R. §§ 208.13(a), (b) (2004). We have defined "persecution" narrowly to only include extreme conduct including injury or suffering. *Fatin v. INS,* 12 F.3d 1233, 1238 (3d Cir. 1993); *see also Nelson v. INS,* 232 F.3d 258, 263 (1st Cir. 2000) ("To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering."). To demonstrate a well-founded fear of future persecution, the applicant must show that he has a subjective fear of persecution in his home country and that there is a reasonable possibility of suffering such persecution if he were to return to that country. 8 C.F.R. § 208.13(b)(2).

4

### 1. Political Opinion and Religion

Patel claims that substantial evidence in the record contradicts the Board's finding that she failed to establish past persecution or a well-founded fear of persecution on account of her political opinion or religion. She claims that Muslim extremists mistakenly believed she was involved in the destruction of the Babri Mosjid mosque, and as a result they allegedly threw stones at and sprayed kerosene on her house and attacked her and her husband as they walked close to a mosque. She also maintains the Baj Rang Dal party harassed her after she switched to the Janata Dal political party, although she provides no specific instances of harassment. Finally, Patel maintains the Baj Rang Dal party and Muslim extremists will persecute her if she returns to India.

As the Board correctly concluded, the isolated incidents of harassment cited by Patel do not rise to the level of persecution as contemplated in 8 C.F.R. §§ 208.13(a) and (b). Furthermore, Patel has presented no evidence to substantiate her fears of further persecution upon her return to India. Patel concedes that any harassment by the Baj Rang Dal party diminished after she joined the BJP. Since Hindus comprise eighty percent of India's population, Patel could relocate to an area where she would not encounter persecution from Muslims, a solution suggested in the U.S. State Department's Country Profile on India. Substantial evidence in the record supports the Board's decision.

### 2. Membership in a Social Group

Patel also claims the Board incorrectly concluded she was not persecuted and did not have a well-founded fear of persecution on account of her membership in a particular social group, the Patel social caste. According to Patel, members of other castes in India "used to get into your farm in the night and used to steal all the cows, buffalos, all the cattle . . . They used to cut our lawn, all the grass, too." But Patel only testified as to what other castes "used to do" to her family members. She presented no evidence that she personally experienced any instances of persecution as defined by 8 C.F.R. §§ 208.13(a) and (b) due to her membership in the caste, nor did she present evidence of persecution encountered by other members of her caste, comprising approximately one and a half million people. Patel claims she would be persecuted anywhere in India for her membership in the Patel caste, as her language, dress, and customs are distinctive to that caste, yet she has not supported this claim with substantial evidence. There is no evidence in the record that would compel a reasonable fact-finder to reach a different conclusion than that reached by the Board. Because of this, we will affirm the Board's denial of Patel's application for asylum.

### B. Withholding of Removal Claim

Patel also claims the Board erred in refusing her request for withholding of removal. Under 8 U.S.C. § 1231(b)(3)(A), the Attorney General may not remove an alien to his home country if it determines that the "alien's life or freedom would be threatened

6

in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." To qualify for mandatory relief under withholding of removal, Patel must show she "more likely than not . . . will face persecution if [s]he is deported." *Li Wu Lin v. INS,* 238 F.3d 239, 244 (3d Cir. 2001).

As discussed, Patel failed to present sufficient evidence to substantiate her claims of past persecution and fear of future persecution. She has not demonstrated that persecution will "more likely than not" occur upon her return to India. There is substantial evidence supporting the Board's conclusion that Patel failed to meet the standard required for granting mandatory withholding of removal.

## C.   **Prejudice by the IJ**

Finally, Patel claims the IJ prejudiced her case when he expressed doubts about the merits of her applications for asylum and withholding of removal before the hearing. The IJ specifically stated at the master calendar hearing:

> We have an asylum application here. I have reviewed it. Before we went on the record, I said that, in my opinion, it has no basis whatsoever. There's nothing I can do about it. We're going to have to go ahead and adjudicate it and she can appeal, but the basis for – the reason why I said that is to be helpful to you and your client.
>
> She needs to realize that this is not going to result in her obtaining lawful permanent resident status in the United States. And while she still has time, she should look to see if she can qualify for either a labor certification or a relative visa petition.

App. 99-100. Patel alleges that the IJ's statement and alleged predisposition toward denying her applications violated her due process rights and chilled her testimony and presentation of evidence.

In order for the IJ to have violated Patel's due process rights, its actions must have been "fundamentally unfair." *Burkett v. Cunningham,* 826 F.2d 1208, 1220-22 (3d Cir. 1987). This was not the case here. As demonstrated by his comments, the IJ intended to give Patel an opportunity to collect stronger evidence in preparation for the hearing while encouraging her to investigate other avenues of relief. Patel presents no substantive evidence of potential bias, intimidation or ways in which the IJ's statement "chilled" her testimony. Lacking any further evidence, we find the IJ's advice and warning did not violate Patel's due process rights. *See, e.g., Ciorba v. Ashcroft,* 323 F.3d 539, 544 (7th Cir. 2003) (holding that isolated comments by an IJ designed to focus counsel's attention on the inadequacy of evidentiary submissions did not establish bias on the part of the IJ).

**IV.**

For the reasons stated, we will deny the petition for review.